**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

01 MAY -7 PM 2: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| STEVEN FICARRA, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CIVIL ACTION NO. _____ |
| | * | |
| LOANSDIRECT, INC.; ZC STERLING | * | |
| INSURANCE AGENCY, INC. & CENTRE | * | |
| INSURANCE COMPANY | * | |
| | * | CV-01-N-1149-W |
| **Defendants** | * | |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ALABAMA, WESTERN DIVISION:

PLEASE TAKE NOTICE that defendants ZC Sterling Insurance Agency, Inc. and

Centre Insurance Company, joined by Defendant LoansDirect, Inc.[1], hereby remove this suit from

the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the

Northern District of Alabama, Western Division on the following grounds:

1.      On or about April 5, 2000, an action was commenced against Defendant in

the Circuit Court of the State of Alabama in and for the County of Tuscaloosa, entitled "STEVEN

FICARA, Plaintiff, v. LOANSDIRECT, INC.; ZC STERLING INSURANCE AGENCY, INC.;

CENTRE INSURANCE COMPANY, [et al.][2] Defendants," Civil Action No. CV-2001-463.  The

Complaint in this action was based upon allegations of breach of contract, negligence/wantonness

---

[1]    A facsimile copy of Defendant LoansDirect's Notice of Joinder in Removal is attached hereto as
Exhibit A.  Said copy will be substituted with the original as soon as is possible.

[2]    The Complaint also alleged claims against fictitious defendants.

and fraud. The complaint contained an unspecified demand for damages and was served upon Defendant LoansDirect, Inc., on April 6, 2001; Defendant ZC Sterling Insurance Agency, Inc., on April 9, 2001 and on Defendant Centre Insurance Company on May 1, 2001. A true and correct copy of all process, pleadings and orders served upon, or by, the defendants in said civil action is attached hereto as Exhibit B and is incorporated herein by reference.

2.       This action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332 in that there is complete diversity between plaintiffs and the defendant and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3.       Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is filed within thirty (30) days of service of the Complaint and Summons.

4.       Pursuant to 28 U.S.C. § 1446(d) defendants state that a copy of this Notice of Removal has been filed with the Clerk of the Circuit Court, Tuscaloosa County, Alabama.

5.       The Complaint, and each alleged cause of action contained therein, properly may be removed on the basis of diversity of citizenship jurisdiction, in that:

6.       Defendant has been informed and believes that the plaintiff is now, and was at the time this action was commenced, a citizen of the State of Alabama within the meaning of 28 U.S.C. § 1332(a) because he contends that his place of domicile is and was within the State of Alabama. See Plaintiffs' Complaint, ¶¶ 1 .

7.       Defendant LoansDirect, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of California, having its principal place of business in the State of California. As a result, LoansDirect, Inc. is not now, and was not at the time of the filing of the complaint, a citizen and

- 2 -

resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

8.      Defendant ZC Sterling Insurance Agency, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of California, having its principal place of business in the State of California. As a result, ZC Sterling Insurance Agency, Inc. is not now, and was not at the time of the filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

9.      Defendant Centre Insurance Company is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the Delaware, having its principal place of business in the State of New York. As a result, Centre Insurance Company is not now, and was not at the time of the filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

10.     The amount in controversy has been met in that, as is reflected in the complaint, plaintiff has multiple claims based upon fraud. Plaintiff has requested punitive damages. If proved, the plaintiff's claims may entitle him to recover punitive damages under various standards and conditions. Requested punitive damages must be considered in any calculation of the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Casualty Company*, 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in

- 3 -

controversy, punitive damages are to be counted." (citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943)).

        11.     In fact, a claim for punitive damages in a fraud lawsuit is sufficient evidence in and of itself to demonstrate that the amount in controversy is greater than the jurisdictional prerequisite. *See Bolling v. Union National Life Ins. Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995).

        12.     Defendant is serving written notice of removal upon counsel for the plaintiff and will cause a copy of this notice to be filed with the Clerk of the Circuit Court of Tuscaloosa County, Alabama.

        WHEREFORE, Defendants pray that the above action now pending before the Circuit Court of Tuscaloosa County, Alabama be removed therefrom to this Court.

Robert E. Poundstone IV (POU006)
Attorney for Defendant ZC Sterling
Insurance Agency, Inc. and Defendant
Centre Insurance Company

OF COUNSEL:

Peter S. Fruin
Robert E. Poundstone IV
MAYNARD, COOPER & GALE, P.C.
201 Monroe Street, Suite 1650
Montgomery, AL 36104
(334) 262-2001

- 4 -

## Certificate of Service

I hereby certify that I have this 4th day of May 2001, served a copy of the foregoing document upon the counsel of record in this action, by placing a copy of same in the U.S. Mail, first-class postage prepaid, addressed as follows:

> David M. Cowan, Esq.
> 2000-B SouthBridge Parkway
> Suite 601
> Birmingham, Alabama 35209

OF COUNSEL

- 5 -

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STEVEN FICARRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| LOANSDIRECT, INC.; ZC STERLING | ) |
| INSURANCE AGENCY, INC.; CENTRE | ) |
| INSURANCE COMPANY; | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF JOINDER IN REMOVAL

COMES NOW Defendant LoansDirect, Inc. and hereby joins in the removal of this matter

from the Circuit Court of Tuscaloosa County to the United States District Court for the Northern

District of Alabama, Western Division which was filed this the 7ᵗʰ day of May, 2001 by Defendant

ZC Sterling Insurance Agency, Inc. and Defendant Centre Insurance Company.

Lee J. Leslie, Esq.
Counsel for Defendant LoansDirect, Inc.

OF COUNSEL:

Lee J. Leslie
10880 Wilshire Boulevard
Suite 600
Los Angeles, California 90024
(310) 374-6650

**EXHIBIT B**

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

STEVEN FICARRA,            )
                                    )
      Plaintiff,         )
                                    )
v.                           )    Civil Action No. CV2001-463
                                    )
LOANSDIRECT, INC.; ZC STERLING  )
INSURANCE AGENCY, INC.;     )
CENTRE INSURANCE COMPANY;  )
Defendants No. 1, 2, & 3, being the correct )
legal designation of that or those entities )
identified by name in the style of this )
cause; Defendants No. 4, 5, & 6, being the )
correct legal designation of that or those )
persons or entities who were responsible for )
obtaining and/or purchasing insurance on )
the Plaintiff's home as is described in the )
body of this complaint; Defendants No. )
7, 8 & 9, being the correct legal designation )
of that or those persons or entities who )
committed those acts of breach of contract, )
negligence, wantonness and/or fraud as is )
described in the body of this complaint; )
Defendants No. 10, 11 & 12, being the )
correct legal identities of that or those )
persons or entities who were the predecessors)
or successors in interest to any named )
defendant, all of whose true and )
correct legal identities are unknown at this )
time but who will be added by amendment )
when ascertained, )
                                    )
      Defendant        )

'01 APR -5 PM 2:39
FILED IN OFFICE
DORIS T. TURNER, CLERK
CIRCUIT COURT
TUSCALOOSA COUNTY, AL.

## SUMMONS

Pursuant to Alabama Rule of Civil Procedure 4.1(c)(1), service is hereby requested by certified mail.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant **LOANSDIRECT, INC.**

NOTICE TO: **LoansDirect, Inc.**
**National Registered Agents, Inc.**
**150 South Perry Street**
**Montgomery, AL 36104**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to David M. Cowan, MANN & COWAN, P.C., Attorney for Plaintiff, at Suite 601, 2000-B SouthBridge Parkway, Birmingham, Alabama 35209. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THIS COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time.

Doris J Turner
CLERK OF COURT

DATED: 4/5/01

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

STEVEN FICARRA,                                    )
                                                   )
        Plaintiff,                                 )
                                                   )
v.                                                 )        Civil Action No. CV2001-463
                                                   )
LOANSDIRECT, INC.; ZC STERLING                     )
INSURANCE AGENCY, INC.;                            )
CENTRE INSURANCE COMPANY;                          )
Defendants No. 1, 2, & 3, being the correct        )
legal designation of that or those entities        )
identified by name in the style of this            )
cause; Defendants No. 4, 5, & 6, being the         )
correct legal designation of that or those         )
persons or entities who were responsible for       )
obtaining and/or purchasing insurance on           )
the Plaintiff's home as is described in the        )
body of this complaint; Defendants No.             )
7, 8 & 9, being the correct legal designation      )
of that or those persons or entities who           )
committed those acts of breach of contract,        )
negligence, wantonness and/or fraud as is          )
described in the body of this complaint;           )
Defendants No. 10, 11 & 12, being the              )
correct legal identities of that or those          )
persons or entities who were the predecessors)
or successors in interest to any named             )
defendant, all of whose true and                   )
correct legal identities are unknown at this       )
time but who will be added by amendment            )
when ascertained,                                  )
                                                   )
        Defendant                                  )

### SUMMONS

Pursuant to Alabama Rule of Civil Procedure 4.1(c)(1), service is hereby requested by certified mail.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant ZC STERLING INSURANCE AGENCY, INC.

NOTICE TO:  **ZC Sterling Insurance Agency, Inc.**
**c/o C.I. Direct**
**2513 S.W. Avenue**
**Harland, Iowa 51537**

         The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to David M. Cowan, MANN & COWAN, P.C., Attorney for Plaintiff, at Suite 601, 2000-B SouthBridge Parkway, Birmingham, Alabama  35209.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THIS COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time.

**CLERK OF COURT**

DATED: _____

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

STEVEN FICARRA,                                )
                                               )
    Plaintiff,                             )
                                               )
v.                                             )      Civil Action No. _____
                                               )
LOANSDIRECT, INC.; ZC STERLING                 )
INSURANCE AGENCY, INC.;                        )
CENTRE INSURANCE COMPANY;                      )
Defendants No. 1, 2, & 3, being the correct    )
legal designation of that or those entities    )
identified by name in the style of this        )
cause; Defendants No. 4, 5, & 6, being the     )
correct legal designation of that or those     )
persons or entities who were responsible for   )
obtaining and/or purchasing insurance on       )
the Plaintiff's home as is described in the    )
body of this complaint; Defendants No.         )
7, 8 & 9, being the correct legal designation  )
of that or those persons or entities who       )
committed those acts of breach of contract,    )
negligence, wantonness and/or fraud as is      )
described in the body of this complaint;       )
Defendants No. 10, 11 & 12, being the          )
correct legal identities of that or those      )
persons or entities who were the predecessors  )
or successors in interest to any named         )
defendant, all of whose true and               )
correct legal identities are unknown at this   )
time but who will be added by amendment        )
when ascertained,                              )
                                               )
    Defendant                              )

## COMPLAINT

    1.    The Plaintiff is over the age of nineteen (19) years and is a resident citizen of

Tuscaloosa County, Alabama.

    2.    The Defendants, LoansDirect, Inc. (hereinafter "LoansDirect"), the ZC Sterling

FILED IN OFFICE
DORIS I. TURNER, CLERK
CIRCUIT COURT
TUSC. COUNTY, AL.
01 APR -5 PM 2: 39

1

Insurance Agency, Inc. (hereinafter "Sterling") and Centre Insurance Company (hereinafter "Centre") are all believed to be corporate entities actively conducting business within Tuscaloosa County, Alabama. All acts which form the basis of this complaint occurred within Tuscaloosa County, Alabama.

3.      Fictitious defendants are described as follows: Defendants No. 1, 2, & 3, being the correct legal designation of that or those entities identified by name in the style of this cause; Defendants No. 4, 5, & 6, being the correct legal designation of that or those persons or entities who were responsible for obtaining and/or purchasing insurance on the Plaintiff's home as is described in the body of this complaint; Defendants No. 7, 8 & 9, being the correct legal designation of that or those persons or entities who committed those acts of breach of contract, negligence, wantonness and/or fraud as is described in the body of this complaint; Defendants No. 10, 11 & 12, being the correct legal identities of that or those persons or entities who were the predecessors or successors in interest to any named defendant, all of whose true and correct legal identities are unknown at this time but who will be added by amendment when ascertained.

4.      The Plaintiff avers that in or about October of 2000, the Plaintiff applied for a real estate loan with the Defendant LoansDirect. Part of the application process involved the Plaintiff's purchase of insurance for the home and real estate, which he acquired through Defendants Sterling and Centre. At the closing of the loan which was a refinance of the original loan, it was represented to the Plaintiff by LoansDirect, Sterling and Centre that the Plaintiff had insurance on his home and that payments would be made for said insurance through an escrow balance maintained as part of the loan transaction. Further, it was represented to the Plaintiff at closing that two payments for insurance premiums had been withheld from the loan proceeds so that the same could be applied to

2

the premiums on the Plaintiff's policy. All representations made to the Plaintiff at closing were included within the various closing documents, including the closing statement and escrow disclosure statement. In reliance upon those representations, the Plaintiff was under the impression and belief that he had insurance coverage for his home. In addition to the above, the Defendant LoansDirect provided the Plaintiff with a payment schedule, with payments set up to include hazard insurance. The Plaintiff further avers that in October, 2000, the Defendants Sterling and Centre provided the Plaintiff with a policy of insurance which listed Defendant LoansDirect as the first mortgagee.

5.      Thereafter, on or about, to-wit: December 16, 2000, the Plaintiff's home was damaged by a tornado. Thereafter, the Plaintiff contacted Defendant Sterling in order to make a claim under his policy issued by Defendant Centre. It was at this time, on approximately December 17 or 18, 2000, that the Plaintiff first learned that he did not have insurance on this home. Prior to this time, the Plaintiff was under the impression and belief that he did have coverage for his home as neither of the Defendants informed the Plaintiff that in spite of having received a policy, he had no coverage on his home.

<u>COUNT I</u>

6.      The Plaintiff adopts and realleges all preceding paragraphs.

7.      The Plaintiff avers that the Defendants LoansDirect, Sterling, Centre and/or one or more of the fictitious party defendants listed and described hereinabove, did breach their agreement with the Plaintiff to provide him insurance in return for premium payments made by the Plaintiff through his loan.

8.      As a direct and proximate result of the above described conduct, the Plaintiff has been

3

damaged as follows:

    a.    The Plaintiff has incurred damage to his home which is not covered by insurance;

    b.    The Plaintiff has paid premiums for insurance that does not exist;

    c.    The Plaintiff has been caused to incur a second mortgage and/or loan in order to borrow money for needed repairs;

    d.    The Plaintiff has been caused to purchase another insurance policy so as to protect his home and, thereby, incur additional premium payments;

    e.    The Plaintiff has suffered mental anguish (past, present and future); and

    f.    The Plaintiff claims all damages to which he is entitled by law.

## COUNT II

9.    The Plaintiff adopts and realleges all preceding paragraphs.

10.    The Plaintiff avers that the Defendant LoansDirect, Sterling, Centre and/or one or more of the fictitious party defendants listed and described hereinabove, did negligently and/or wantonly failed to apply premiums toward the purchase of an insurance policy for the Plaintiff; and additionally and in the alternative, did negligently and/or wantonly failed to procure insurance for the Plaintiff's home. Said Defendants had a duty and obligation to appropriately apply premium payments made on the Plaintiff's behalf for his policy of insurance and, further, said Defendants had a duty and obligation to procure a policy of insurance given that the Plaintiff had paid for the same.

11.    As a direct and proximate result of the above described conduct, the Plaintiff has been injured and damages as is set forth above.

## COUNT III

4

12.     The Plaintiff adopts and realleges all preceding paragraphs.

13.     The Plaintiff avers that the above described conduct on the part of Defendants LoansDirect, Sterling, Centre and/or one or more of the fictitious party defendants listed and described hereinabove, constitutes fraud, misrepresentation and deceit in that said Defendants did represent to the Plaintiff that his home was covered by a policy of insurance. Said representations on the part of Defendant LoansDirect came in the form of clear indications in the closing documents that premiums were being withheld to purchase insurance. As to Defendants Sterling and Centre, said Defendants did represent to the Plaintiff that he had insurance by mailing the Plaintiff a copy of an insurance policy, with a cover letter indicating that his new policy was enclosed. Said Plaintiff relied upon these misrepresentations in agreeing to go forward with the refinance agreement. Said Defendants knew or should have known prior to closing that the Plaintiff did not have coverage for his home.

14      As a direct and proximate result of the above described conduct, the Plaintiff has been injured and damages as is set forth above.

## COUNT IV

15      The Plaintiff adopts and realleges all preceding paragraphs.

16.     The Plaintiff avers that above described conduct on the part of Defendants LoansDirect, Sterling, Centre and/or one or more of the fictitious party defendants listed and described hereinabove, constitutes deceit and/or fraud by suppression. As to this count, the Plaintiff states that said Defendants had a duty and obligation to inform him at the time of closing that his home was not covered by insurance. This duty to so inform the Plaintiff arose under the facts and circumstances under which this transaction took place and, further, said duty arose by the fact that

5

each of the said Defendants did represent to the Plaintiff that he was in fact covered.  The Plaintiff

had no way to know that his home was not covered, given the fact that he had actually received a

policy from Defendant Centre and, further, that the closing documents clearly indicated that he had

coverage for his home.

17     As a direct and proximate result of the above described conduct, the Plaintiff has been

injured and damages as is set forth above.

## COUNT V

18     The Plaintiff adopts and realleges all preceding paragraphs.

19.     The Plaintiff avers that the above described conduct on the part of Defendants

LoansDirect, Sterling, Centre and/or one or more of the fictitious party defendants listed and

described hereinabove, constitutes conversion in that said Defendants have converted the Plaintiff's

premium payments to their own use, without providing coverage for the Plaintiff's home.

20.     As a direct and proximate result of the above described conduct, the Plaintiff has been

injured and damages as is set forth above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against  the

Defendants, jointly and severally, in such sums of  compensatory and punitive damages as a jury may

access after a fair and accurate consideration of the facts of this cause.


Respectfully submitted by:


DAVID M. COWAN
Attorney for Plaintiff


6

OF COUNSEL:

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663
E-mail: david@mc.pcmac.org

## JURY DEMAND

Plaintiff hereby demand a trial by struck jury.

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS**
**247 Rivere Road**
**Tuscaloosa, AL 35405**

**DEFENDANTS' ADDRESSES**
**LoansDirect, Inc.**
**National Registered Agents, Inc.**
**150 South Perry Street**
**Montgomery, AL 36104**

**ZC Sterling Insurance Agency, Inc.**
**c/o C.L Direct**
**2513 S.W. Avenue**
**Harland, Iowa 51537**

**Centre Insurane Company**
**Hamrick William Franklin**
**2000 Interstate Park, Suite 204**
**Montgomery, AL 36109**

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

7