IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN FICARRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-01-N-1149-W |
| | ) |
| LOANSDIRECT, INC, et al. | ) |
| | ) |
| Defendants, | ) |

**ANSWER OF DEFENDANTS ZC STERLING INSURANCE AGENCY, INC.
AND CENTRE INSURANCE COMPANY**

COMES NOW Defendants ZC Sterling Insurance Agency Inc. ("ZC Sterling") and Centre Insurance Company ("Centre") (collectively referred to herein as Defendants") and in answer to the complaint filed by the Plaintiff states as follows:

1. Defendants lack sufficient information to admit or deny the allegations stated in paragraph one and demand strict proof.

2. Defendants admit that they are corporate entities. Except as expressly admitted above, Defendants deny the remaining material allegations of paragraph two.

3. Defendants lack sufficient information to admit or deny the allegations stated in paragraph one and demand strict proof.

4. Defendants admit that a policy of insurance was sent to plaintiff. Except as expressly admitted above, Defendants deny the remaining material allegations of paragraph four.

5. Defendants admit that plaintiff did contact ZC Sterling in December 2000, seeking

to make an insurance claim. Further answering paragraph five, Defendants admit that plaintiff's insurance was canceled effective November 27, 2000. Except as expressly admitted above, Defendants lack sufficient information to admit or deny the allegations stated in paragraph five and demand strict proof.

## COUNT I

6. Defendants incorporate their responses to paragraphs one through five as though fully set forth herein.

7. Denied.

8. Denied.

## COUNT II

9. Defendants incorporate their responses to paragraphs one through eight as though fully set forth herein.

10. Denied.

11. Denied.

## COUNT III

12. Defendants incorporate their responses to paragraphs one through 11 as though fully set forth herein.

13. Denied.

14. Denied.

## COUNT IV

15. Defendants incorporate their responses to paragraphs one through 14 as though fully set forth herein.

16. Denied.

17. Denied.

### COUNT V

18. Defendants incorporate their responses to paragraphs one through 17 as though fully set forth herein.

19. Denied.

20. Denied.

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Defendants deny the material allegations of the Complaint, except to the extent expressly admitted above.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Defendants are not liable to the plaintiff.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the statute of limitations.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, estoppel and laches.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the failure to do equity.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because he has not sustained injury or damage as a result of the matters averred in the complaint.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the statute of frauds.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants aver that they did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants deny that they have been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury or allows the Plaintiff to recover punitive damages.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Without waiving the defense set out below, Section 6-11-21, *Code of Alabama* (1975), prohibits the award of punitive damages in excess of $250,000 in this action.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case would be a violation of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in Sections 13A-4-11 and 13A-5-12, *Code of Alabama* (1975) jointly and separately.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The claims of the Plaintiff for punitive damages cannot be sustained because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Electrolux' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution and would be improper under the common law and punitive policies of the State of Alabama and under

applicable court rules and statutes.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in this state's standards for awarding punitive damages.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The claim for punitive damages, on its face and/or as applied in this case is in violation of the *Fifth Amendment of the Constitution of the United States*; of the right of counsel provided by the *Sixth Amendment of the Constitution of the United States*; of the right to trial by jury of the *Seventh Amendment of the Constitution of the United States*; of the proportionality principles contained in the *Eighth Amendment of the Constitution of the United States*; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1. There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly.

2. The procedures to be followed would permit an award of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability.

3. The procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

4. There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendants under present Alabama law.

5. The standards of conduct upon which punitive damages are sought against Defendants are vague and ambiguous.

6. The procedures used by Alabama courts and the guidelines given by the jurors, jointly and severally, are vague and ambiguous.

7. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is.

8. The procedures under which punitive damages are awarded and the instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus fail to eliminate the effects of, and to guard against, impermissible juror passion.

9. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded.

10. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

11. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

12. Present Alabama procedures fail to provide a constitutional reasonable

limit on the amount of any punitive damages award against Electrolux.

   13. Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined.

   14. Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

   15. An award of punitive damages would compensate Plaintiff for elements of damages not otherwise recognized by Alabama law.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims, if any, for the recovery of punitive damages are barred by *Ala. Code* § 6-11-20, *et seq.* (1993).

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims, if any, for the recovery of punitive damages are barred by *Ala. Code* § 6-11-27 (1993).

### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims, if any, for the recovery of punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

   (a) an impermissible burden on interstate commerce arising out of Article I, Section 8 of the United States Constitution;

   (b) the Contracts Clause of Article I, Section 10 of the United States Constitution;

       (c)    the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

       (d)    the constitutional prohibition against vague and overbroad laws;

       (e)    the prohibition against *ex post facto* law in Article I, Section 22 of the Alabama Constitution;

       (f)    the Contracts Clause of Article I, Section 22 of the Constitution of Alabama;

       (g)    the Due Process Clause of Article I, Section 6 and/or 13 of the Constitution of Alabama.

### TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the facts set forth in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996). Any jury making an award of punitive damages in this case must consider the factors set forth in *BMW v. Gore* in assessing constitutional punitive damages. With respect to plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW v. Gore*. Any award of punitive damages in this case would be unconstitutional under *BMW v. Gore*, as Defendants received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law. Moreover, as shown by the United States Supreme Court's recent remand of the Alabama Supreme Court's decisions in *BMW v. Gore* and *Life Insurance Co. of Georgia v. Johnson*, 117 S.Ct 288

00672897.1                         9

(1996), Alabama's system for awarding and reviewing punitive damages is fatally flawed. Therefore, any award of punitive damages in this case would be in contravention of the constitutional safeguards provided to Defendants under the federal and state constitutions, jointly and separately.

### TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parole evidence rule.

### TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants deny the material allegations of the complaint and pleads the general issue.

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by novation.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by payments and agreement.

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unjust enrichment.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by *Ala. Code* § 5-19-19, which Electrolux avers to be a substantive limitation upon Plaintiff's right to recover under any theory.

### THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

The award of compensatory damages for alleges mental distress in the absence of any standards for the determination of same and/or any requirement for corroborating or

objective evidence of mental distress makes an award tantamount to additional punitive damages. As such, Defendants aver that such an award in this case is subject to all State and Federal constitutional objections and limitations on punitive damages otherwise identified in this Answer.

### THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

An award of mental anguish damages in this case will violate Due Process and Equal Protection rights guaranteed by the State and Federal constitutions because Alabama juries are not given any rules, standards or guidelines upon which to rely in calculating mental anguish damage awards.

### THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional defenses which may arise as may arise in this matter.

Peter S. Fruin (FRU002)
Robert E. Poundstone IV (POU006)
Attorney for Defendant ZC Sterling
Insurance Agency, Inc. and Defendant
Centre Insurance Company

OF COUNSEL:

Peter S. Fruin
Robert E. Poundstone IV
MAYNARD, COOPER & GALE, P.C.
201 Monroe Street, Suite 1650
Montgomery, AL 36104
(334) 262-2001

Certificate of Service

I hereby certify that I have this /4th day of May 2001, served a copy of the foregoing document upon the counsel of record in this action, by placing a copy of same in the U.S. Mail, first-class postage prepaid, addressed as follows:

David M. Cowan, Esq.
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209

F. Timothy McAbee, Esq.
1025 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

William Pryor, Attorney General
State of Alabama
11 South Union Street
Montgomery, AL 36130

_____
OF COUNSEL

w/ express
permission